UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| HENRY LACE, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 3:12-CV-363 JD |
| FORTIS PLASTICS LLC and MONOMOY CAPITAL PARTNERS, L.P., | ) ) ) ) | |
| Defendants. | ) ) | |
| JIM YOUNG, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 3:12-CV-364 JD |
| FORTIS PLASTICS LLC and MONOMOY CAPITAL PARTNERS, L.P., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER OF FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT[1]

The Plaintiffs have filed an unopposed motion for final approval of the class action settlement, along with the award of attorney's fees, administrative costs, and expenses [DE 97]. On September 2, 2015, the Court held the final fairness hearing in South Bend, Indiana, pursuant to Federal Rule of Civil Procedure 23(e)(2). Notice of the hearing (as further detailed below) was properly given by way of first class mailing of the notice form [DE 78-2, DE 80-2, as modified] to the class members' most recent known addresses, along with the claim form [DE 85], which had been preliminarily approved [DE 86]. Accordingly, based on the memorandum and

---

[1] Because cases 3:12-cv-363 and 3:12-cv-364 were consolidated for the purpose of settlement, the docket entries referenced herein refer to case '363, unless otherwise indicated.

documents filed in support of final settlement approval [DE 97-107]; the revised notice to class members and release of claims form; and the pleadings in the case as a whole, including the Settlement Agreement [DE 78-1, DE 80-1]; along with the supplemental argument provided at the final fairness hearing, the Court concludes that the settlement and accompanying notices are fair, reasonable, adequate and in the best interest of the classes.  The parties agree, and the Court finds, that jurisdiction over the case is proper under 28 U.S.C. § 1331 and 29 U.S.C. § 2101.

## I.  PROCEDURAL HISTORY

By way of background, on September 24, 2014, the Court ordered that class certification was warranted in the instant cases under Rule 23(a) and (b)(3) for two classes that were seeking damages under the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2101.[2] The Plaintiffs alleged that workers at two Fortis Plastics facilities were terminated without the advance notice required by the WARN Act when the facilities closed. Ultimately, in the '363 action, the Court certified the following class:

> All persons who worked at the Fortis facility located at 3615 Voorde Drive, South Bend, Indiana, up to 60 days prior to its closing (the "Indiana Class").

[DE 62 at 22 in '363, as amended]. In the '364 action, the Court certified the following class:

> All persons who worked at the facility located at 428 South U Street, Fort Smith, Arkansas, up to 60 days prior to its closing (the "Arkansas Class").

[DE 60 at 19 in '364, as amended]. Harwood Feffer, LLP, was appointed as class counsel and Anderson, Agostino & Keller, P.C., was appointed as liaison counsel in each case. Mr. Lace was appointed as class representative in the '363 action and Mr. Young was appointed as class representative in the '364 action. After the parties conducted additional discovery, they reached a

---

[2] The Court declined to certify the Indiana Wage Payment claim asserted in the '363 action, which is being dismissed as part of the settlement without a separate recovery [DE 78-1 at 10].

settlement,[3] and the Settlement Agreement and Release [DE 78-1, DE 80-1] was preliminarily approved on March 24, 2015 [DE 86], with Berdon Claims Administration LLC ("Berdon") being utilized as the Settlement Administrator.

The total settlement amount is $205,000. The representative plaintiffs, Henry Lace and Jim Young, are to be paid $1,500 [DE 98 at 21]. Consistent with the Settlement Agreement, Plaintiffs' counsel is seeking an award of fees in the amount of 33% of the gross settlement fund (which equates to less than $100 per hour given the 708.9 hours of work performed), plus expenses (including those to be paid to Berdon) in the approximate amount of $25,000 [DE 78-1 at 12-13; DE 78-2 at 7]. The amount remaining in the settlement fund (which is expected to be just over half of the total settlement fund) is to be distributed pro rata among the class members according to the amount of wages and vacation pay they would have been entitled under the WARN Act [DE 78-1 at 13]. Each member's payout will depend on the number of valid claim forms received, the class member's salary at the time of the termination, and the number of days worked within the 60 days leading up to the facility's closing [DE 78-2 at 5].[4]

With respect to notice of the preliminarily approved settlement and final fairness hearing, class notice was provided to the class members by first class mail to the most recent address known to Monomoy for each of the class members [DE 98 at 12]. In addition, the class notice was posted on the Class Notice Website [DE 98 at 11-12]. Mr. Michael Rosenbaum for Berdon confirmed the mailing of the notices and claims forms [DE 107 at 1-2]. Once all of the notices

---

[3] Fortis Plastics has declared bankruptcy and is not a part of the proposed settlement [DE 98 at 8, n. 1]. Plaintiffs expect to voluntarily dismiss this action against Fortis Plastics once the settlement is given final approval.

[4] In order to receive money from the settlement, class members were required to submit the preapproved claims form [DE 85], and class members were advised that submitting an opt-out letter indicated a class member's desire not to receive any money from the settlement and be bound by the results of the lawsuits [DE 78-2 at 6].

and claims forms were initially mailed (including 100 mailings for the Arkansas class, and 79 mailings for the Indiana class), 24 mailings were returned, and for which 2 forwarding addresses were received.  Berdon then completed advanced address research via Lexis for the remaining 22 addresses, and located 20 updated addresses.  After re-mailing the 22 notices for which updated addresses were discovered, only 5 mailings were returned.  Thus, a total of only 7 notices went undelivered, resulting in a delivery success rate of 96.1%.

Since the mailing of the notices and claims forms, no opt-outs [DE 97 at 8, n. 3] and no objections [DE 98 at 9, DE 100-101, 103, 105] to the settlement have been received. Furthermore, no objectors were present at the final fairness hearing, and 106 claims forms have been submitted.[5]  The parties have also given proper notice to the relevant state governments and the federal government by providing notice of the settlement to the Offices of the Attorney General for Arkansas, Indiana, Michigan, Ohio, Florida, Georgia, Oklahoma, and the federal government [DE 96].  No objection or response was thereafter received.

The Court finds that the manner and form of notice as set forth in the Settlement Agreement was provided to class members as ordered by the Court, and that such notice was reasonably calculated to give actual notice to class members of the fact of settlement and the right to receive settlement benefits, to be excluded from the settlement, and to raise objections to the settlement. Further, the notice provided constituted the best practicable notice under the circumstances to all class members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

---

[5] **Error! Main Document Only.**The claims period is closed, however, claims forms are continually accepted until the checks are actually issued.

**II. CLASS CERTIFICATION AND FINAL APPROVAL OF SETTLEMENT**

Based on the reasons stated in the Court's previous orders (as incorporated herein [DE 62; DE 86]), the parties' submissions, the representations made during the final fairness hearing, and for the reasons discussed herein, this class action has met the requirements of Fed. R. Civ. P. 23.  Consistent with Rule 23(a), the two classes which are comprised of approximately 180 members are so numerous that joinder of all of the members is impracticable; there are common questions of law relating to whether defendants were required to provide notice under the WARN Act, whether it failed to properly do so, and whether affirmative defenses (based on the actions of the employer) might have excused the lack of notice[6]; the WARN Act claims of the representative plaintiffs arising out of the closing of the two facilities are based on the same legal theory and are typical of the claims of the classes; and, the representative plaintiffs fairly and adequately protected the interests of the classes (as further detailed below).  In addition, this class action is properly maintained pursuant to Rule 23(b)(3), where the requirements of Rule 23(a) have been satisfied, and the questions of law and fact common to class members predominate over any questions affecting only individual members, and the class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  It is doubtful that many individual claims would be pursued in light of the expense of litigation and the representations by class counsel indicating that separate damage awards will be such that separate lawsuits would be uneconomical for potential class members.

For the purpose of settlement, Monomoy does not concede liability, thus the amount of the proposed settlement reflects the parties' agreement relative to the value of settling at an early stage while avoiding protracted litigation on substantive issues.  Class counsel indicated during

---

[6] *See* 29 U.S.C. § 2102(b)(1) (defense if employer was actively seeking capital to avoid or postpone the shutdown) and § 2102(b)(2) (defense if plant closing or mass layoff was caused by unforeseeable business circumstances).

- 5 -

the final fairness hearing that the overall settlement is about one-third of the maximum amount that the classes could have recovered, and he felt that this amount was fair and in the settling parties' best interest given discovery revealed plaintiffs would run a "great risk" of not recovering anything in light of defendants' available affirmative defenses and Monomoy's ability to raise the single-employer liability defense. Class counsel's evaluation of the case also took into consideration the fact that the WARN Act violations likely consisted of only thirty days or less, and the fact that recovery of any judgment from Fortis Plastics would be difficult due to its bankrupt status and lack of insurance coverage.  Counsel for defendant Monomoy confirmed that it felt very strongly about the merits of its defenses and the additional litigation costs that would have been incurred had the defenses required judicial resolution.  To get to the point of settlement, experienced counsel for both plaintiffs and Monomoy confirmed that they had already engaged in extensive discovery (involving over 50,000 documents) and detailed arms-length settlement negotiations, class counsel conferred with Plaintiffs and Fortis' representatives about the case, and the parties agreed that the settlement was in the best interest of the classes and the public.

As for the class representatives, Mr. Lace and Mr. Young, former employees of Fortis Plastics, their recovery will be consistent with the allocation of the funds for the other class members.  In addition, the $1,500 to be awarded to each representative plaintiff is reasonably fair and supported by class counsel's representations made during the final fairness hearing that the representative plaintiffs located experienced class action lawyers to represent the classes, spent extensive time discussing the cases with class counsel, submitted payroll records and reviewed the pleadings filed, helped respond to discovery propounded, remained willing to sit for depositions, kept appraised of the litigation, and aptly performed their roles as class representatives.

As disclosed in the notice of class settlement [DE 78-2 at 7], 33% of the gross settlement fund is to be awarded in attorney's fees to class counsel, along with total costs/expenses in the approximate amount of $25,000 (with $10,381.03 in costs going to class counsel and the remaining costs going to Berdon for its administrative expenses).  The administrative costs and other expenses are deemed reasonable, given the documentation and representations made by class counsel, including those concerning Berdon's involvement in effectively issuing class notice and administering the settlement. With respect to attorney's fees, class counsel and his firm are not only experienced with class action litigation,[7] but there is no doubt class counsel has shown his adept prosecution of this action in an attempt to obtain the most favorable benefits possible for all members of the two classes.  In addition, the receipt of 33% of the class settlement fund consists of an amount deemed reasonable in other class action cases. *See* DE 98 at 25-26 (citing case); *see also Cook v. Niedert*, 142 F.3d 1004, 1013 (7th Cir. 1998) (noting that a judge has discretion to choose between the lodestar (and enhanced lodestar) method and the percentage-of-fund approach in determining a reasonable fee).  Certainly, class counsel's ultimate receipt of less than $100 per hour (given the firm's investment of 708.9 hours of work on the lawsuits) is reasonable, and no one opposes the request for fees which was made by motion pursuant to Rule 54(d)(2).  Thus, the Court finds that these fees are reasonable for the legal services provided, the risk of non-payment, and the nature of the settlement reached. *See, e.g., Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir. 2007); *Taubenfeld v. Aon Corp.*, 415 F.3d 597, 599 (7th Cir. 2005) (awarding lead counsel 30% of a $7.25 million settlement fund plus $111,054.06 in expenses).  Again, there are no objections to the initial class action certification or

---

[7] Mr. Overs confirmed that his firm has engaged in plaintiffs' class action work for decades involving securities, anti-trust, and other WARN Act cases, while he has been representing class actions since the year 2000.

- 7 -

to any terms of the settlement, including the request for fees and costs, which shall be awarded under Rule 23(h).

Accordingly, pursuant to Rule 23(e), the Court finds that the settlement should be given final approval because, taken as a whole, it is "fair, reasonable and adequate." To support this determination the Court relies on the parties' submissions and argument at the final fairness hearing detailing the strengths/weaknesses of the case on the merits, balanced against the settlement amount; the complexity, expense, and likely duration of further litigation; the lack of evidence suggesting any presence of collusion in reaching the settlement; the absence of objections or opt-outs to the proposed settlement; the opinion of competent counsel; the stage of the proceedings and the discovery completed; and the public interest in enforcing the protections afforded by the WARN Act in giving workers and their families some transition time to prepare for the prospective loss of employment. Clearly, this settlement was reached following meaningful discovery and investigation conducted by class counsel, and the proposed settlement is a result of adversarial, arm's-length negotiation between the parties. Ultimately, the terms of the settlement in all respects are fair, adequate, and reasonable.

### III. CONCLUSION

The Court having heard the representations of counsel during the final fairness hearing, and having reviewed the Settlement Agreement and other submissions of the parties, and being otherwise fully advised, HEREBY ORDERS, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that:

1. As ordered on September 24, 2013 [DE 62], the certified classes consisted of the Indiana Class and the Arkansas Class, with Harwood Feffer, LLP, appointed as class counsel and Anderson, Agostino & Keller, P.C., appointed as liaison counsel in each case, and with Mr. Lace

appointed as class representative in the '363 action and Mr. Young appointed as class representative in the '364 action.

2. The representations, agreements, terms, and conditions of the parties' settlement, as embodied in the Settlement Agreement [DE 78-1 in the '363 action; DE 76-1 in the '364 action] is FINALLY APPROVED as fair, reasonable, adequate, and in the best interests of the settlement classes; and, the Court APPROVES the application for an award of attorneys' fees in the amount of 33% of the gross settlement fund, and costs and expenses in the approximate amount of $25,000 (to be verified upon Berdon's submission of final expenses after distribution of the settlement funds) made payable from the settlement fund per the Settlement Agreement. Of these funds, $10,381.03 covers Harwood Feffer LLP's documented costs, and the Court DIRECTS that total costs, including payment of Berdon's expenses, shall not exceed $27,000, unless leave of Court is sought for additional payment. The Court AWARDS case contribution awards in the amount of $1,500 to each of the class representatives, Mr. Henry Lace and Mr. Jim Young, to be paid out of the settlement fund in accordance with the Settlement Agreement.

3. The parties are DIRECTED to comply with the terms of the Settlement Agreement and the proposed plan of allocation, and Berdon Claims Administration LLC is DIRECTED to disburse the Settlement Fund in accordance with the Settlement Agreement.

4. The Court having certified the class actions as opt-out classes under Fed. R. Civ. P. 23(a) and (b)(3), and there being no opt-out letters submitted, all class members are hereby bound by the settlement.

5. Under no circumstances shall this Final Approval Order, the Settlement Agreement, any of their terms and provisions, the negotiations or proceedings connected with them, or any of the documents or statements referred to therein, be construed, deemed or used as an admission, concession or declaration by or against Monomoy of any fault, wrongdoing,

breach or liability. Nor shall this Order, the Settlement Agreement, any of their terms and provisions, the negotiations or proceedings connected with them, or any of the documents or statements referred to therein, be construed, deemed or used as an admission, concession or declaration by or against the class representatives or the other class members that their claims lack merit or that the relief requested in the instant lawsuits is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

6.    The parties are DIRECTED to file a joint status report in 30 days after today's date, and then once every 30 days thereafter, until the settlement is completed by disbursement of the settlement funds.  As agreed to at the final fairness hearing, the Court shall retain jurisdiction and oversight of the settlement proceedings, and shall enter a dismissal of the action, upon joint request of the parties at the conclusion of the settlement administration.

7.    The Clerk is DIRECTED to enter this Order in both cases, 3:12-cv-363 and 3:12-cv-364, and to administratively close the instant cases for statistical purposes.

SO ORDERED.

ENTERED:  September 15, 2015

      /s/ JON E. DEGUILIO
Judge
United States District Court